OPINION of the Court, by
Judge Owsley_
Caí» r‘co' 'n Paf’t PaJ for a horse purchased by him from Crenshaw, drew an order requesting a certain Michael Riley to pay Crenshaw forty dollars in good merchant* a^je w!i(‘at at four shillings per bushel; and Riley hav-'n?5 refused to pay the wheat. Crenshaw brought this suit for the purpose of subjecting Carrico to th« pay-merit thereof.
On tiie trial of the general issue, the court below decided that without proof of the execution of the order by Carrico, it should not he received as evidence ; and the question is as to the correctness of that decision.
It is objected that under the statutes of this country, unless the execution of the order had been denied by the 0Sl( ¡, 0f Carrico, no proof of its execution was necessa-!T ; and as there was no such denial in the present case, it is inferred the court erred in requiring such proof,
j With respect to writings which in themselves form the basis of an action, and upon which an action is in fact founded, the position assumed is certainly correct. Rut as the order in question is not of that character, it does not come within the influence of the statutes; but, as was correctly decided by the court below, its execution should have been proved.
If then we are correct in supposing (and of which there is no doubt) that the order is not of that description of writings upon which in legal contemplation an action can be said to be founded, it not only proves the correctness of the decision of the court below in requiring the execution of the order to he proved, hut moreover shews the court did right in refusing to allow the decía* ration to be amended by making a profert of the order: for it is only when a writing is the foundation of an action, that profert of the writing should be made.
Judgment affirmed.